﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190612-11804
DATE: April 30, 2020

REMANDED

The issue of entitlement to special monthly compensation (SMC) based on the need for aid and attendance is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1981 to January 1982.

This matter comes before the Board initially on appeal of a March 2018 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran timely appealed the decision by filing a March 2018 Notice of Disagreement under the legacy appeals review system. Following the issuance of a May 2019 Statement of the Case (SOC), he elected to continue the appeal through the Appeals Modernization Act review system by timely submitting a June 2019 Decision Review Request: Board Appeal. At that time, he elected the Direct Review lane. As such, the Board may only consider the evidence of record at the time of the May 2019 SOC. As another matter, under the Appeals Modernization Act review system, the May 2019 SOC is the rating decision presently on appeal. 

The Board notes since the May 2019 SOC new VA treatment records have been added to the claims file in July 2019. This constitutes submission of new evidence during a period of time when new evidence was not allowed. As the Board is remanding the claims for further development, this additional evidence will be considered by the RO in the adjudication of those claims.

1. The issue of entitlement to SMC based on the need for aid and attendance is remanded.

The Veteran contends that he is entitlement to SMC based on the need for aid and attendance due to his service-connected disabilities. In February 2017 and January 2019 Statements in Support of Claim, he and his wife assert that he required regular aid and attendance. However, his VA treatment records and examination reports suggest he may not have required regular aid and attendance throughout the entirety of the appeal period, if at all. In particular, a January 2017 VA Primary Care Nursing Note indicated he did not require assistance with bathing, dressing, toileting, transferring, urination or bowel movements, or feeding. The following year, a March 2018 VA Primary Care Nursing Note documented that he only required assistance with bathing one part of his body and required no assistance dressing other than to tie his shoes, but required no assistance with toileting, transferring, urination or bowel movements, or feeding.

In support of this claim, the Veteran submitted a December 2018 Examination for Housebound Status or Permanent Need for Regular Aid and Attendance completed by Dr. D.B.M., a private physician. Although Dr. D.B.M. initially identified only service-connected disabilities, Dr. D.B.M. proceeded to find the pertinent activities were restricted by the limitation of function of his “[k]nees, [b]ack, [r]adiculopathy [and] [n]eurogenic [b]ladder.” Based on the foregoing, it is unclear whether Dr. D.B.M. considered any restrictions stemming from his right knee, which does not have a corresponding service-connected disability. Further, Dr. D.B.M.’s subsequent narrative appears to have considered degenerative joint disease of his cervical spine, a nonservice-connected disability. 

Prior to the May 2019 SOC, the Veteran had not been afforded a VA examination to determine whether he required regular aid and attendance due to the functional limitations resulting from his service-connected disabilities. As such, the Board finds a duty to assist error occurred prior to the May 2019 SOC and a remand is warranted to correct this deficiency.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination with an appropriate medical professional to determine whether he requires regular aid and attendance due to the limitation of function resulting from his service-connected disabilities. 

If so, the examiner should determine, to the extent possible, when the need for regular aid and attendance arose and explain why.

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. Suh, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.